UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-00653-MEO-DCK

| | |
|---|---|
| SANDRA M. CARTER, | ) |
| Plaintiff, | ) |
| v. | ) |
| PRIMELENDING, A PLAINSCAPITAL COMPANY, TRUSTEE SERVICES OF CAROLINA, LLC, ALABAMA HOUSING FINANCE AUTHORITY, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, | ) **MEMORANDUM AND ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff Sandra M. Carter's Motion for Temporary Restraining Order (Doc. No. 20), as well as Defendants Trustee Services of Carolina, LLC ("Trustee Services"), Alabama Housing Finance Authority ("Finance Authority"), and PrimeLending, A PlainsCapital Company's ("PrimeLending") Motions to Dismiss. (Doc. Nos. 17, 26, 40). For the reasons explained below, Plaintiff's motion is **DENIED AS MOOT**, Defendants' motions are **GRANTED**, and this action is **DISMISSED** in its entirety.

**I.    BACKGROUND**

This matter arises out of a property foreclosure proceeding in the North Carolina Superior Court for Mecklenburg County. Plaintiff filed this action in an attempt to prevent the foreclosure sale of her property located at 8558 Carolina Lily Lane, Charlotte, North Carolina ("Property"). (Doc. No. 12). On December 17, 2015, Plaintiff executed a Note and Deed of Trust related to the Property in favor of Defendant PrimeLending. (Doc. Nos. 12 ¶ 2; 27-1; 27-2)[1]. On or about January

---

[1] The Court may take judicial notice of official court documents and does so herein. *Phillips v. Pitt*

9, 2020, Defendant Finance Authority acquired the Note and Deed of Trust. (Doc. No. 27-3). After a default in the note, notice, and a hearing on September 18, 2025, the Mecklenburg County Clerk of Court issued an order to allow the foreclosure sale of the Property to proceed, and in doing so, determined that Finance Authority was the holder of the note and holds the right to foreclose under a power of sale because the note was in default. (Doc. No. 27-5).

On October 30, 2025, Plaintiff filed her Amended Complaint[2] in this Court alleging thirty-five causes of action under various federal statutes and regulations, including, but not limited to, the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*; the Truth in Lending Act (TILA), 15 U.S.C § 1601 *et seq.*; the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; and nineteen sections of Title 18 of the United States Code. (Doc. No. 12 at 8–26). Plaintiff appears to challenge the transfer of assignment and that Finance Authority is the "true" holder of the Note. Plaintiff also alleges that the routine securitization that occurred renders mortgage loans unenforceable, and that Defendants caused the wrongful foreclosure at issue in the state court proceeding.[3] Specifically, Plaintiff alleges that she "was compelled to

---

*Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, [the Court] may properly take judicial notice of matters of public record" and "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.").

[2] At the outset, the Court observes that Plaintiff hand-delivered to the Clerk's Office a copy of her Amended Complaint on October 30, 2025. (Doc. No. 12). On November 3, 2025, the chambers of the Honorable Kenneth D. Bell received a copy of the Amended Complaint. (Doc. No. 13). The Court further observes that Plaintiff's response to Trustee Services of Carolina, LLC's Motion to Dismiss appears to be styled as a "Second Amended Complaint" with "respond to Motion to Dismiss" handwritten above the caption. (Doc. No. 22). Plaintiff did not seek permission from this Court to file a Second Amended Complaint, and this Court does not treat her response as such. The Court will reference the Amended Complaint delivered to the Clerk's Office on October 30, 2025. (Doc. No. 12).

[3] In her Amended Complaint, Plaintiff appears to support her claims by referencing the Affidavit of Joseph R. Esquivel, Jr., who performed a "Chain of Title Analysis & Mortgage Fraud Investigation" at Plaintiff's request. (Doc. No. 14). Defendant Finance Authority cited numerous

2

Case 3:25-cv-00653-MEO-DCK    Document 43    Filed 03/04/26    Page 2 of 7

execute a promissory note and Deed of Trust in favor of Defendant PrimeLending" and that she "has not been provided with competent evidence of a valid assignment of the note and Deed of Trust to confer authority upon" Finance Authority. (Doc. No. 12 ¶¶ 2, 5).

On November 12, 2025, Defendant Trustee Services filed its Motion to Dismiss the Amended Complaint under Rules 8(a)(2), 12(b)(1), and 12(b)(6). (Doc. No. 17). On December 3, 2025, Plaintiff filed her Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. No. 20). On December 10, 2025, Defendant Finance Authority filed its Motion to Dismiss the Amended Complaint under Rules 12(b)(1) and 12(b)(6). (Doc. No. 26).

On January 8, 2026, the Property was sold. *In Re Foreclosure of a Deed of Trust of Carter*, No. 25SP001972-590 (N.C. Super. Ct. Mecklenburg Cnty. Jan. 8, 2026). On January 22, 2026, Defendant PrimeLending filed its Motion to Dismiss the Amended Complaint under Rules 12(b)(1), 12(b)(5), and 12(b)(6). (Doc. No. 40). Defendant Mortgage Electronic Registration Systems ("MERS") has not appeared on the docket, nor has Plaintiff indicated that she has executed a summons as to MERS. *See* (Doc. No. 21) (summons issued for three other Defendants).

II. **DISCUSSION**

At the outset, the Court observes that it may not consider the merits of Plaintiff's Motion for a Temporary Restraining Order if it lacks subject matter jurisdiction over her case. Plaintiff has invoked numerous federal statutes and regulations, all of which appear to challenge state court foreclosure proceedings. To the extent Plaintiff has valid claims related to the disputed foreclosure, those claims belong in the North Carolina state courts. "Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction

---

courts who have disregarded Mr. Esquival's inaccurate legal conclusions based on his lack of competence to provide legal advice. (Doc. No. 27 at 8) (citing cases). For the reasons explained in Defendant Finance Authority's brief, the Court agrees and does not take into consideration the legal conclusions that Mr. Esquival attempts to provide.

3

to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). This includes reviewing "not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)); *see also Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 235 (4th Cir. 2013) ("A litigant may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" (alteration in original) (quoting *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003))).

Claims by borrowers challenging state foreclosure proceedings are barred by the *Rooker-Feldman* doctrine. *See Smalley*, 526 F. App'x at 236 (concluding that *Rooker-Feldman* barred the federal district court from hearing borrower's claim challenging a state foreclosure proceeding when the court would have to review and overturn the state clerk's determinations to grant the relief requested); *see also Myers v. Mr. Cooper Mortg., LLC*, No. 3:18-cv-00283-MOC, 2018 U.S. Dist. LEXIS 114380, at *4 (W.D.N.C. July 10, 2018) ("Courts have consistently applied the *Rooker-Feldman* doctrine to dismiss claims requesting federal district court review of a state court's foreclosure proceedings."); *Baxter v. Brock & Scott PLLC*, No. 3:14-CV-165-FDW, 2014 WL 2861800, at *2–3 (W.D.N.C. June 24, 2014) ("Under the Rooker–Feldman doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts.") (applying *Rooker-Feldman* doctrine to claims brought under RESPA, TILA, and FDCPA).

Here, the Mecklenburg County Superior Court issued an order allowing a foreclosure sale

4

of Plaintiff's property. First, the Court observes that any attempt by Plaintiff to stop the sale of the Property is moot, as the foreclosure sale occurred on January 8, 2026. *In Re Foreclosure of a Deed of Trust of Carter*, No. 25SP001972-590 (N.C. Super. Ct. Mecklenburg Cnty. Jan. 8, 2026).

Further, under North Carolina law, an Order Permitting Foreclosure is a final "judicial act" that may be appealed to the appropriate state court within ten days of its entry. N.C. Gen. Stat. § 45-21.16(d1); *see Wiggins v. Planet Home Lending, LLC*, No. 5:14-CV-862-D, 2015 WL 3952332, at *3 (E.D.N.C. June 29, 2015) (citing cases) ("Any issue that the clerk decides in a foreclosure proceeding pursuant to N.C. Gen. Stat. § 45-21.16(d[1]) is conclusive unless appealed and reversed and cannot be relitigated in a subsequent lawsuit."). It is therefore apparent that the Court is without jurisdiction to grant the relief sought by Plaintiff's Motion or her Amended Complaint, because doing so would effectively invalidate a final order issued in a state court foreclosure proceeding. If Plaintiff wishes to continue litigating the foreclosure proceeding brought against her in state court, she must do so in that forum and through the proper channels.

Further, to the extent Plaintiff challenges the securitization of the note, those claims fail under Rule 12(b)(6) because "as a matter of law, securitization alone does not render a note or deed of trust unenforceable and does not alter a borrower's obligation to pay back his or her loan." *Aalaam v. U.S. Bank, Nat'l Ass'n*, No. 5:24-CV-00213-KDB-DCK, 2025 WL 478199, at *2 (W.D.N.C. Feb. 12, 2025), *aff'd sub nom. Aalaam v. Movement Mortg., LLC*, No. 25-1255, 2025 WL 2409193 (4th Cir. Aug. 20, 2025) (quoting *Mori El v. Nationstar Mortg.*, No. 1:19cv218, 2019 WL 3779552, at *5 (M.D.N.C. Aug. 12, 2019)); *see also Qureshi v. Mortgage Elec. Registration Sys.*, No. 3:16-cv-00322-MOC, 2016 U.S. Dist. LEXIS 124806, at *3 (W.D.N.C. Sept. 13, 2016) ("[T]he mere fact of securitization and the fact that a negotiable promissory note has changed hands a number of times does not extinguish the homeowners' obligations under their note."). And

5

"Plaintiff lacks standing to assert claims challenging the securitization of [the] loan because" she is not a "part[y] to the pooling and servicing agreements through which the securitizations are documented." *Forbes v. Atl. Bay Mortg. Grp., LLC*, No. 5:24-CV-00048-KDB-SCR, 2024 WL 3837902, at *1 (W.D.N.C. Aug. 14, 2024), *appeal dismissed*, No. 24-1897, 2024 WL 5040416 (4th Cir. Dec. 9, 2024).

In addition to its *Rooker-Feldman* arguments, Defendants argued that each of Plaintiff's boilerplate and conclusory claims must be dismissed under Rules 8 and 12. (Doc. Nos. 18, 27, 41). Defendants' arguments are consistent with the law and unrebutted by Plaintiff's response, which appears to be drafted as a second amended complaint (Doc. No. 22), or her surreply (Doc. No. 42), both of which she filed without leave of Court. For the reasons Defendants argued, in addition to those explained herein, the Court grants Defendants' Motions to Dismiss. To the extent Plaintiff's claims are not barred by *Rooker-Feldman*, those claims are otherwise dismissed.

Lastly, the Court observes Plaintiff has made no attempt to serve process on Defendant MERS. "Absent waiver of service of process or consent, the failure to obtain proper service of process — even if the defendant gains actual notice — deprives the court of personal jurisdiction over a defendant." *Biglow v. Speaks*, No. 3:24-CV-00996-KDB-SCR, 2025 U.S. Dist. LEXIS 160130, at *11 (W.D.N.C. June 3, 2025). For that reason, in addition to the other reasons already explained, Plaintiff's claims against MERS are also dismissed.

The loss of one's home is an extraordinarily difficult and deeply personal hardship. The Court recognizes the profound impact of such a loss and extends its sincere empathy to Plaintiff during this challenging time. However, this Court is not the right forum for Plaintiff's allegations, and they fail to state a cognizable claim for relief. Accordingly, Defendants' Motions to Dismiss are granted, and this action is dismissed in its entirety.

6

Case 3:25-cv-00653-MEO-DCK    Document 43    Filed 03/04/26    Page 6 of 7

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. Nos. 17, 26, 40) are **GRANTED**;

2. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 20) is **DENIED AS MOOT**;

3. This action is **DISMISSED** in its entirety; and

4. The Clerk is directed to close this case.

**SO ORDERED.**

Signed: March 3, 2026

Matthew E. Orso
United States District Judge